UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| YANGLING XIE,<br><br>                     Plaintiff,<br><br>          v.<br><br>SERGIO ALBARRAN, et al.,<br><br>                     Defendants. | Case No. 26-cv-07571-EKL<br><br>**TEMPORARY RESTRAINING ORDER AND ORDER TO SHOW CAUSE REGARDING SANCTIONS**<br><br>Re: Dkt. Nos. 2, 6, 8, 9 |

Before the Court is Petitioner's application for a temporary restraining order ("TRO Motion"), which was filed today, July 22, 2026, at 11:34 a.m.  ECF No. 2.  The TRO motion seeks, among other relief, an order enjoining Respondents from re-detaining her at an appointment with Immigration and Customs Enforcement ("ICE") that was scheduled for today at 2:00 p.m.  Respondents filed an opposition at 1:01 p.m. – less than one hour before the scheduled appointment.  The case was then reassigned to this Court.

In their opposition, Respondents represented that Petitioner was "unable to establish that she is likely to suffer irreparable harm" because she had already obtained a writ of habeas corpus enjoining and restraining Respondents from re-detaining her "unless and until" certain conditions are met.  Opp. at 4; *Yan-Ling X. v. Lyons*, No. 1:25-cv-1412, 2026 WL 1198417, at *1 (E.D. Cal. May 1, 2026) ("Prior Injunction").  In their opposition, Respondents did not indicate that they had satisfied all of the conditions set forth in the Prior Injunction.  Instead, Respondents claimed that Petitioner lacked standing to bring a habeas petition, or to seek emergency relief, because her fears of re-detention were "conjectural" and "hypothetical," and her re-detention "may not occur . . . at all."  Opp. at 1.  Finally, Respondents expressly stated that the decision to re-detain Petitioner "has not been made."  *Id*. at 2.

United States District Court
Northern District of California

United States District Court
Northern District of California

Based on Respondents' representations, the Court understood that Respondents would not re-detain Petitioner at the ICE appointment scheduled for today at 2:00 p.m., and that Respondents would comply with the Prior Injunction, which required certain conditions to be met ***before*** Petitioner could be detained.  Therefore, at 2:32 p.m., the Court issued an order that summarized its understanding of Respondents' representations and directed the parties to file a joint status report by 7:00 p.m. "confirming that Petitioner has not been re-detained."  ECF No. 6.  At 4:39 p.m., Petitioner filed a motion for sanctions indicating that Respondents had re-detained Petitioner at the ICE appointment.  ECF No. 7.  At 4:48 p.m., Respondents filed a status report confirming that Petitioner had been re-detained by ICE after the Court issued its order.  ECF No. 8.  Respondents submitted a notice of revocation of Petitioner's supervised release, which was signed by an ICE assistant field office director on **July 16, 2026**.  ECF No. 8-1.  In sum, this notice appears to reflect that ICE had decided to re-detain Petitioner at today's appointment **six days ago**, which directly contradicts Respondents' representation to the Court earlier today that such a decision "has not been made."  *Id*. at 2.  Petitioner is now being transferred to a detention center in San Diego, California.  ECF No. 9.

Respondents opposed Petitioner's request for a TRO solely on the grounds that Petitioner could not establish irreparable harm, standing, and ripeness with respect to her fears of re-detention.  Opp. at 1-2.  However, based on the record summarized above, there can be no dispute that Petitioner's re-detention at her 2:00 p.m. ICE appointment was imminent at the time she filed the TRO motion at 11:34 a.m.  Indeed, the deprivation of liberty that Petitioner sought to avoid has now materialized, so it is beyond question that Petitioner has established a likelihood of irreparable harm, standing, and ripeness to seek temporary relief from her re-detention.  The Court also finds that Petitioner has satisfied the other requirements for temporary relief, *see Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008); *Washington v. Trump*, 847 F.3d 1151, 1159 n.3 (9th Cir. 2017), including because there are serious questions that her re-detention violates the Prior Injunction, the balance of equities tips sharply in her favor, and her re-detention without due process is not in the public interest.

2

Accordingly, the Court ORDERS as follows:

1. Petitioner's application is GRANTED to preserve the status quo pending further briefing and a hearing on this matter.

2. Respondents are ORDERED to immediately return Petitioner to San Francisco and, immediately upon her return, release Petitioner from Respondents' custody. Respondents are ENJOINED AND RESTRAINED from re-detaining Petitioner without notice and a pre-deprivation hearing before a neutral decisionmaker. Respondents are ENJOINED from removing Petitioner from this judicial district.

3. Respondents are PROHIBITED from removing Petitioner from the United States until these proceedings have terminated.

4. Respondents are PROHIBITED from imposing new conditions of release, such as electronic monitoring and in-person or virtual check ins.

5. Respondents are ORDERED to return any of Petitioner's personal property confiscated upon her detention.

6. Respondents are ORDERED TO SHOW CAUSE in-person before this Court at a hearing on August 3, 2026, at 2:00 p.m., why a preliminary injunction should not issue. Respondents SHALL file a response to Petitioner's motion by no later than July 27, 2026.  Any reply SHALL be filed by July 30, 2026.[1]  The parties may file a stipulation and proposed order to extend this schedule on the condition that Respondents consent to a commensurate extension of the relief granted by this Order.

7. Respondents are ORDERED TO SHOW CAUSE, in writing by July 29, 2026, why sanctions should not issue pursuant to Federal Rule of Civil Procedure 11.  In particular, Respondents represented in their opposition that Petitioner's re-detention was not "imminent" and "may not occur," and that the decision to re-detain her had "not been made."  Opp. at 1-2.  However, Petitioner was re-detained less than three hours after these representations were made, and ICE had apparently decided to revoke

---

[1] The previously-set July 24, 2026 deadline for Petitioner's reply in support of the TRO motion is vacated in favor of the briefing schedule set forth herein.

Petitioner's supervised release six days earlier.  Therefore, it appears that Respondents' representations lacked "evidentiary support," and their arguments were made for an "improper purpose" to baselessly dispute the ripeness of Petitioner's habeas petition. Fed. R. Civ. P. 11(b).

8.  This Order shall remain in effect until August 5, 2026, at 7:30 p.m.

**IT IS SO ORDERED.**

Dated: July 22, 2026

_____

Eumi K. Lee
United States District Judge

United States District Court
Northern District of California

4