UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

YANGLING XIE,

Petitioner,

v.

SERGIO ALBARRAN, et al.,

Respondents.

Case No. 26-cv-07571-EKL

**ORDER DENYING PRELIMINARY INJUNCTION WITHOUT PREJUDICE**

Re: Dkt. Nos. 2, 10

Petitioner Yangling Xie is a citizen of China who is subject to a final order of removal. Petition ¶¶ 2, 7, 18, ECF No. 1. On the morning of July 22, 2026, Petitioner filed a petition for a writ of habeas corpus and an application for a temporary restraining order ("TRO"). ECF No. 2. At the time, Petitioner was preparing to attend an appointment with U.S. Immigration and Customs Enforcement ("ICE") that afternoon. She feared that she would be re-detained. Respondents argued that her fears were hypothetical, and that a TRO was unnecessary because Petitioner had already obtained an order from another federal court enjoining Respondents from re-detaining her "unless and until" certain conditions were met. ECF No. 4 at 1, 4. But ICE ***did*** re-detain Petitioner at the July 22 appointment, as she had anticipated. ECF Nos. 8, 9. Further, Respondents revealed that ICE decided to revoke Petitioner's supervised release six days before the appointment, confirming that her re-detention was imminent all along. ECF No. 8-1.

Based on these developments, the Court issued a temporary restraining order that required Respondents to immediately release Petitioner from ICE custody. TRO Order, ECF No. 10. The record demonstrated that Petitioner could establish irreparable harm, standing, and ripeness to pursue her claim challenging her July 22 re-detention. *Id.* at 2. Petitioner had also raised serious questions as to whether her July 22 re-detention violated the prior injunction. *Yan-Ling X. v. Lyons*, No. 1:25-cv-1412, 2026 WL 1198417, at *1 (E.D. Cal. May 1, 2026) ("Prior Injunction").

United States District Court
Northern District of California

United States District Court
Northern District of California

The Court ordered Respondents to show cause why a preliminary injunction should not issue. TRO Order at 3. The Court held a hearing and allowed both sides to file supplemental briefs focusing on whether Petitioner was entitled to the other relief sought by her habeas petition – in particular, whether the Court may enjoin Respondents from re-detaining and removing Petitioner while she seeks a stay of removal in immigration court. Min. Order, ECF No. 20. Having reviewed the entire record, including the parties' supplemental briefs, the Court DENIES Petitioner's request for a preliminary injunction without prejudice as explained below.

The analysis at the TRO and preliminary injunction stages are "substantially identical." *Stuhlbarg Int'l Sales Co. v. John D. Brush & Co.*, 240 F.3d 832, 839 n.7 (9th Cir. 2001). In order to obtain a preliminary injunction, Petitioner must establish that: (1) she "is likely to succeed on the merits," (2) she "is likely to suffer irreparable harm in the absence of preliminary relief," (3) the "balance of equities tips in [her] favor," and (4) the "injunction is in the public interest." *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008); *All. for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1131 (9th Cir. 2011). "[I]f a plaintiff can only show that there are serious questions going to the merits – a lesser showing than likelihood of success on the merits – then a preliminary injunction may still issue if the balance of hardships tips *sharply* in the plaintiff's favor, and the other two *Winter* factors are satisfied." *Friends of the Wild Swan v. Weber*, 767 F.3d 936, 942 (9th Cir. 2014) (citation modified). "Where, as here, the party opposing the injunctive relief is a government entity, the third and fourth factors – the balance of equities and the public interest – merge." *Hubbard v. City of San Diego*, 139 F.4th 843, 854 (9th Cir. 2025) (citation modified).

Here, based on the current record, Petitioner has not raised serious questions going to the merits or shown a likelihood of success on her claims that her future re-detention would violate the Prior Injunction. *See* Petition ¶¶ 49-69. The Prior Injunction prohibited Respondents from re-detaining Petitioner "unless and until they obtain a travel document for her removal, and unless and until they follow" certain procedures for revoking supervised release, including adequate notice and an interview to afford Petitioner an opportunity to respond to the reasons for revocation. Prior Injunction at *1. It appears that Respondents now have the ability to satisfy

United States District Court
Northern District of California

these conditions before re-detaining Petitioner, in compliance with the Prior Injunction and applicable regulations. *See* Semple Decl. Exs. 2-4, ECF Nos. 13-2 through 13-4 (travel document, notice of revocation, and informal interview memorandum). If ICE decides to re-detain Petitioner on the basis that she will be imminently removed to China, Petitioner has had nearly two months' notice of the basis for revocation of her supervised release. *See* Petition ¶ 35 (collecting cases for the proposition that "meaningful notice" requires at least ten days' notice). Therefore, Petitioner has not shown that future re-detention to effectuate her removal would be contrary to law.

Petitioner also has not raised serious questions going to the merits of her request for this Court to stay removal "unless and until the immigration court adjudicates her pending motion to reopen and motion for stay of removal." Petition at 20. The Court lacks subject matter jurisdiction to grant such relief. *Rauda v. Jennings*, 55 F.4th 773, 777-78, 781 (9th Cir. 2022). Furthermore, because the Court lacks jurisdiction to stay Petitioner's removal, the Court also lacks authority under the All Writs Act to stay removal pending a final ruling on the habeas petition.[1] *See Clinton v. Goldsmith*, 526 U.S. 529, 534-35 (1999).

However, the Court retains jurisdiction over due process claims that challenge unlawful practices related to the execution of a removal order. *Ibarra-Perez v. United States*, 154 F.4th 989, 997-99 (9th Cir. 2025); *see also* Resp. Supp. Br. at 6, ECF No. 22 (acknowledging that "due process claims are not barred by 8 U.S.C. § 1252(g)"). Here, the record reflects that Petitioner suffers from severe mental illness, and her health may be jeopardized if Respondents fail to take adequate care in detaining her and effectuating her removal. Petition ¶¶ 2, 5, 14, 16. Disregard of Petitioner's medical needs (if she is detained) may support a due process claim. *Garrido v. Mullin*, No. 5:26-cv-02230-AB-AJR, 2026 WL 1250271, at *6 (C.D. Cal. May 1, 2026). Therefore, although the Court may not enjoin Petitioner's removal, the Court may order Respondents to take necessary safeguards to mitigate threats to Petitioner's health.

---

[1] Because Petitioner has not raised serious questions going to the merits or shown a likelihood of success on her claims, the Court need not reach the other *Winter* elements. *Bennett v. Isagenix Int'l LLC*, 118 F.4th 1120, 1126 (9th Cir. 2024) ("[I]f a movant fails to meet the threshold inquiry of likelihood of success on the merits (or serious questions going to them), a court may decide to deny a preliminary injunction without considering the other factors."); *see also Disney Enters., Inc. v. VidAngel, Inc.*, 869 F.3d 848, 856 (9th Cir. 2017).

United States District Court
Northern District of California

Accordingly, Petitioner's request for a preliminary injunction is DENIED without prejudice. However, given the incomplete record and the possible health risks that Petitioner faces if she is detained and removed, the Court ORDERS as follows:

1. By September 28, 2026, Respondents shall file a status report indicating whether they intend to re-detain Petitioner, their basis for doing so, and the date and time of Petitioner's anticipated detention and removal.
2. By October 12, 2026, counsel shall meet and confer regarding appropriate health safeguards that Respondents will implement in the event that Petitioner is detained and removed. By the same deadline, the parties shall file a stipulation reflecting their agreement, or a joint statement of any disputed issues.

**IT IS SO ORDERED.**

Dated: September 14, 2026

Eumi K. Lee
United States District Judge